Thank you. Good afternoon. Please be seated. Last case today is People v. Holloway. That's case number 4, 140701. For the appellant, we have Erica Nichols-Cook for the appellee, Luke McNeil. Ms. Nichols-Cook, you may proceed. May it please the Court, Counsel. I'm Erica Nichols-Cook with the Office of the State Appellate Defender here today on behalf of Mr. Gerald Holloway. Your Honors, we're here today because Mr. Holloway's jury was deprived of their right to decide the element in the issue of force or consent in this case. The State chose to charge Mr. Holloway with a Class I felony criminal sexual assault. They were required to prove three things, sexual penetration, use or threat of force, and that A.M. did not consent. At trial, Gerald presented the only defense available to him, that there was no force, that A.M. had consented, and he had not forced her. At the close of the evidence, the State then requested a non-IPI instruction based on People v. Holloway, which stated simply the legal age of consent for sexual conduct is 17 years of age. The defense objected to this non-IPI instruction, and the Court overruled, gave the objection, and then also gave IPI instructions regarding the definition of consent along with criminal sexual assault, sexual penetration, and force. The non-IPI and the IPI definition of consent conflict. Because they conflict in the non-IPI's incorrect statement of law, as applied to criminal sexual assault, reversal is required by this Court to clarify and allow the jury to make the decision. Hold on a second there. The non-IPI is an incorrect statement of law, per se? In this case. In this case, okay. No one's saying that minors can consent to sexual conduct, but criminal sexual assault was the only charge here. The State only made two counts the same offense. And so consent, as defined by the IPI, is a freely, voluntarily given agreement. And so that was the definition of the statute. The State says your client interjected the question of age and consent in the case by blurting out that I thought she was 17, which is the age of consent. Does that make any difference to your argument? Your Honor, I don't believe so, because the instruction doesn't do anything to cure any confusion. It just reinforces what he said. It doesn't fix a problem or clarify or tell the jury that he was wrong. It doesn't help one way or the other. And there's no authority for an invited error there that Mr. Holloway was testifying on his behalf about, you know, why he thought it was okay to engage in this act. That's his constitutional right to testify. I assume I agree with your argument. The State did argue that they were still required to prove force, so why wouldn't it, even if you're correct legally, why wouldn't it be considered a harmless error? In this case, the jury was boxed into a corner, basically, by the non-IPI and the IPI. They were told, even if there's no force, she still couldn't consent. So they were left with no choice but to convict. The only contested element was whether there was force or consent. And the non-IPI eliminated that. They weren't allowed to consider it. But the elements that the jury had to find in order to make a finding of guilty included the use of force, did it not? Right. Which had nothing to do with age. Right. Well, doesn't that cure the problem then? Well, but the defense of consent says there's no force if there's consent. And Mr. Holloway testified she consented. I didn't force her. And then the non-IPI says, but even if there wasn't force. So the jury could have very well been confused because of the non-IPI. Yeah, sure. And I believe they would have felt like they didn't have any choice here because of the non-IPI. In our brief, we raised the reversal required because of the conflicting jury instructions, and also that it is a constitutional deprivation of his right to a jury trial because the jury wasn't allowed to decide that element. And it was the only element he contested. We argue that it's not harmless error because it caused prejudice to him, and it was objected to at the time and preserved in a post-trial motion. IPI 11.63A is a clear definition of consent, and the non-IPI was misleading, confusing, and contradicted what the plain meaning of consent was. Ann's age here is irrelevant to consent because it was consent or force, not whether she was a minor. The state compounded this error when they argued in their closing that even if she factually consented, she didn't legally consent, so they introduced two types of consent in their closing argument without that being a proper law for this charge and this offense. The legislature has a scheme of sex offenses that we're all familiar with. Some of those include age as an element. This is not one of those. And so here, this non-IPI instruction prohibited the jury from being able to decide this contested element, and Mr. Holloway should have a chance to have a jury decide this for him without an incorrect, improper, non-pattern jury instruction. The court doesn't have any further questions. I don't see any, but you do have rebuttal if you choose to use it. Thank you. Mr. McNeil. Yes, sir. May it please the court. Counsel. The easiest way to dispose of this jury instruction issue is that it was clearly harmless error beyond a reasonable doubt. There were three elements. The state treated these elements separate throughout the whole case. They presented evidence on each element separately. The only element really in dispute here was use of force. As I cited in Torres, proving the element of force implicitly shows non-consent. Of course, that's common sense. If somebody's being forced to do something, then obviously they don't consent. It's not the other way around, which the defendant's sort of trying to... Then why does the IPI instruction have that third element? If you have to prove force, why do they even put in there the issue about consent? That's a good question. I think it's an affirmative defense. It's an affirmative defense to force that the... It's not listed as an affirmative defense in the instruction, right? Well, there was evidence presented. The defendant said, well, she was a willing participant in this. So I think there was discussion even on the consent element here. But isn't the burden on the state to show she did not consent? Of course, and she testified that she didn't consent. She testified she was forced into this. But if the state proves she was forced, why does the state also have to prove she did not consent? That's my question. In the instruction. I am at a loss for why they're both there. Force should be... I mean, force implicitly shows non-consent. Here, however, it doesn't matter. Because A.M. testified, not only did she not consent, she was forced into this sexual penetration. Defendant testified the exact opposite. Not only did he not force her, she was a willing participant. So clearly the jury had to pick between these two stories. They found A.M. more credible, which is their right to do. They were in the best position to evaluate the credibility of A.M. and defendant. Here, there was simply no possibility of a different outcome if this instruction wasn't given or was given. If she was 6 or 96 years old, she testified that not only was she not of age, she testified she didn't actually consent. She testified that she was forced into this sexual penetration. You say there's no possibility, but what if the jury just said, hey, we know she couldn't consent, she wasn't old enough, so we don't even have to get into discussing or arguing about whether we believe her on the issue of whether the sex was forced. The jury was properly instructed on use of force. They were properly instructed that each of these elements need to be proven beyond a reasonable doubt. The use of force was the one indisputable. Defendant said, I didn't force her to do this, she consented. She said, I was forced into this. That is the key dispute in this case, not whether she was too young to. . . I see what you're saying. It just appears that this would have been extremely confusing to a jury. I mean, I don't see how the use of force element would have been confusing to the jury. If they found that she wasn't. . . That's what could have confused the jury. I would argue that it wasn't improper. It wasn't harmless error either. But if it was error, it was harmless is what I'm saying. You would argue it wasn't error? No. It was a brief, simple, non-argumentative statement of the law. There's no case that argues or even posits that someone. . . This case kind of reminds me of the Lloyd case. That was a case where I adopted the argument of the state. It's not exactly like this one, but certainly has some similarity. And the Supreme Court said unanimously that I was wrong and the state was wrong. You're familiar with the Lloyd case, aren't you? I cited the Supreme Court one in my brief. What position are you saying in Lloyd was contradictory to the state's theory? Well, in Lloyd, as I recall it. . . It's been a while since I've read it. The state charged the Class II felony and essentially tried to make it into Class I by using the age of the victim. And I think Justice Polk joined me, and I was the author of it, and Justice Steinem dissented. The Supreme Court said, no, you can't do that. You've got these ages put into the statute for a reason. Now, here it's a little bit different. We've got the state charging the Class I, but then they managed to prove their Class I by submitting an instruction which pertains only to the Class II, which pertains to the age. That's why I think it is similar to Lloyd in that if we adopt your argument, the same fate's going to occur here, and the Supreme Court's going to say, no, whatever he told you in Lloyd, you can't do that. I would argue that the state didn't prove its Class I because of this consent issue. They proved the Class I because of the use of force. They may have, but how do we know that because the jury was improperly instructed? Well, the jury was properly instructed on the use of force, and they found that A.M.'s story was credible. And they were improperly instructed on consent. I would argue that they weren't because I don't see how a 13-year-old can consent to sexual activity in the state of Illinois. That's the very argument we made in Lloyd in the appellate court, and we got reversed for that. Well, the Supreme Court, the holding in Lloyd was that the willingness of the minor victim to engage in sexual conduct or even solicit the act is irrelevant and thus not a defense. It didn't hold that, for some reason, a 13-year-old could consent to sexual activity. No, but you couldn't use the age to show that they were unable to consent legally. I would argue here that the implicit holding of saying this jury instruction was improper is implicitly holding that a 13-year-old can consent to sexual activity, which is simply not the case in Illinois. However, this is a big red herring. This is not the point. This is not the reason the defendant was convicted here. The reason the defendant was convicted is because of the use of force. Again, I would submit that I don't know why there's not an aggravated criminal sexual assault statute for victims between 13 and 17 like there is for aggravated criminal sexual abuse. However, that's the way it is right now. I actually wrote an article about changing that, but the point is, so because the defendant used force here and because the victim was underage, she would be getting a windfall because she's underage and therefore couldn't consent. Don't be saying that, but what the argument is, is the court took away an element from the jury by saying if you're under 17, you may not consent, and that was an element of the offense. Again, I would say use of force implies... They had to prove three of them. Right. Use of force implies non-consent. One of them was taken away from the jury. That's the problem. I don't think it was. If the jury believed defendant, then they would find not only was there no consent, or there was consent, they would find more importantly that there was no force. Well, if they found consent... They would still have to acquit. Just like if they found no force, they would have to acquit. There's no way the... The judge instructed them she was not able to consent. There could be no consent. So that element was taken from the jury. Even if we assume, it sounds like we're assuming that this is error here, there's simply... The outcome of the proceedings, there's no way it would have been different. With the use of force, the way... That was the element that the jury had to find. Use of force. They had to decide whether A.M. was forced into this sexual penetration, or whether they believed defendant that she was a willing participant. Consent goes along with whichever story they believe. The outcome of the proceedings would not have been different if this instruction was given, if the instruction wasn't given, if she was 96 or 6 years old. It doesn't matter. She testified that he forced her into this sexual penetration. He testified that she was a willing participant. The use of force is the ultimate crux of this case. There's no outcome that could have been different if this instruction wasn't given. The defendant believed that she was forced into this, so of course they believed that she didn't consent. This is a classic harmless error case. It's harmless beyond a reasonable doubt, because there's just no way a jury could have believed she was forced into this, but somehow believed that she consented to it as well. That just not... That couldn't have happened with the evidence presented. It's true every time that instruction is given. Which instruction? The three-part instruction. With forcing consent? If the jury believes somebody's forced, then they don't even need to consider consent. But nevertheless, it's there. I would agree that it's a superfluous element. However, it doesn't change the analysis in this case. As for the Krenkel issue, there simply wasn't enough to trigger a Krenkel inquiry here. That's issue number two in this case. Keep in mind that the specific allegations the defendant talks about were given in his statement in allocution of sentencing. It wasn't a direct communication with the trial court. It wasn't a post-trial motion. It wasn't a letter saying, my counsel was no good. In fact, the defendant doesn't even mention his counsel at all in this statement of allocution. Most of his statement in allocution is based on him still professing his innocence. It's basically a closing argument. He does say a couple things that I guess could be construed as him being dissatisfied with counsel. However, it's not trial court's obligation to connect these dots, especially when counsel isn't mentioned at all. In fact, it would be improper for the trial court to sort of fashion an ineffective assistance to counsel argument based on the defendant just saying, my case wasn't presented well. He very well could have meant that the witnesses didn't testify the way he wanted to. He could have been talking about he wasn't dissatisfied with his own testimony that he gave. It's amenable to more than one interpretation is the main point. People v. Taylor said that if it's amenable to more than one interpretation, then it's not sufficient to trigger a Krenkel inquiry. This court in People v. Haddon, which I cited and Justice Appleton concurred on, held that a bald allegation that counsel was inadequate is insufficient to trigger a Krenkel hearing. Instead, a defendant's claim must be specific and supported by facts. It can be basic, but it has to be supported by some facts. This was nothing but a bald allegation. In fact, if you can even call it that, because the counsel was not mentioned at all. Clearly, pursuant to Taylor and Haddon, both cited in my brief, the defendant's statement in allocution wasn't sufficient to trigger a Krenkel inquiry. If there are no more questions on the first part, I would just urge this court to look at the harmless error analysis of this and realize that no other outcome is possible besides a guilty verdict for a defendant based on the evidence presented, whether this instruction was given or not. Okay. Thank you very much, Mr. McNeil. Do you have any rebuttal? Okay. I'd like to just address one question that Justice Pope had about the jury instructions and the proposition of consent. The IPI that defines consent and the defense of consent, which comes from the statute, says that there's any evidence of consent. And Mr. Holloway's testimony was the evidence. And so that's why that instruction was proper and added the third proposition. If there hadn't been any evidence of consent, I don't think we would have had to add that third proposition. I just wanted to clarify that. I just wanted to clarify that.  The evidence of consent was your client's testimony? Yes. And then there was another witness, another SWS. Right, right. The other person that in some way didn't see anything, even though she was a few feet away. Right. And then that leads me into just, Your Honors, the state wants you to think that there's no chance of another outcome. But here it was credibility on the element of consent or force. And, you know, the IPI says, you know, there doesn't have to be verbal or physical resistance to prove force. And so you have to look at what evidence, of course, there was. And so that's, you know, AM's testimony, SWS's testimony, Mr. Holloway's testimony. They all said something different. And we don't know what the jury would have found. We don't know who they believe. The state wants to assume they believed AM based on this record. We don't know because of the non-IPI instruction. So I just wanted to reiterate that. And as far as the Krinkle issue goes, I didn't address it at first because, as I indicated in the brief, the Supreme Court has taken this issue up, a similar issue up in Ayers, and there is a conflict amongst the districts. And so we included it for preservation purposes at this time. If there's any questions about that argument, I'm happy to address those. I see no questions. Thank you. Thank you, Mr. McNeil. The case is submitted and the court stands in recess until further call. Thank you. Thank you.